# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:16-CR-00310 |
| v. | : | (Judge Brann) |
| EDWIN VAQUIZ, | : | |
| Defendant. | : | |

## MEMORANDUM and ORDER

### MAY 9, 2017

Before the Court for disposition is Defendant Edwin Vaquiz's Motion for a Bill of Particulars Pursuant to Federal Rule of Criminal Procedure 7(f). For the following reasons, this Motion will be denied.

### I.  BACKGROUND

On October 25, 2016, a grand jury sitting in the Middle District of Pennsylvania issued a two count indictment against Defendant Edwin Vaquiz ("Defendant") in the above captioned case.[1] This indictment charged Defendant with one count of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribution a controlled

---

[1] ECF No. 1.

substance, in violation of 21 U.S.C. § 841(a)(1).[2]  Jury Selection in this case is currently scheduled for June 5, 2017 at 9:30 a.m.[3]

Defendant filed the instant Motion for a Bill of Particulars on April 10, 2017.[4]  The Government filed a brief in opposition thereafter on April 24, 2017.[5]

**II.   ANALYSIS**

Defendant's Motion for a Bill of Particulars will be denied based on the reasoning as contained below.

As a preliminary matter, I first note that Defendant's Motion should be denied for failure to comply with Pennsylvania Middle District Local Rule 7.5. This Rule states that:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.[6]

Here, Defendant's Motion was filed on April 10, 2017, and a supporting brief was therefore due on or before April 24, 2017.  Defendant's failure to file a supporting brief in accordance with this deadline renders the motion procedurally withdrawn.

---

[2] Id.

[3] See Order of February 14, 2017 (ECF No. 19).

[4] ECF No. 20.

[5] ECF No. 21.

[6] M.D. Pa. Local Rule 7.5.

Be that as it may, even if the instant motion were not deemed to be withdrawn for failure to file a supporting brief, there are no allegations within the motion itself which entitle Defendant to the relief sought. Federal Rule of Criminal Procedure 7(f) provides that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."[7] The purposes of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."[8]

A bill of particulars is not, however, a discovery tool.[9] Rather, it serves "to apprise the defendant of the essential facts of a crime,"[10] and thus should be granted only "if an indictment is so vague that it 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.' "[11] Furthermore, the United States Court of Appeals for the Third Circuit has emphasized that a bill of particulars is unnecessary when the Government has provided the defendant with extensive discovery concerning evidence and

---

[7] Fed.R.Crim.P. 7(f).

[8] United States v. Urban, 404 F.3d 754, 771 (3d Cir.2004) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971)).

[9] United States v. Stiso, Criminal Action No. 14-CR-484, 2015 WL 5666137, at *6 (D.N.J. Sept. 25, 2015).

[10] Id. (quoting United States v. Ordaz-Gallardo, 520 F.Supp.2d 516, 521-22 (S.D.N.Y. 2007)).

[11] Id. (quoting United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989)).

witnesses.[12] Finally, the decision to grant a bill of particulars is vested within the "sound discretion of the district court."[13]

In the instant matter, Defendant has not shown a need for the issuance of a bill of particulars. First, the indictment itself is sufficient to inform the defendant of the nature of the charges brought against him. Federal Rule of Criminal Procedure 7(c) stipulates that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."[14] The Third Circuit has found, therefore, that an indictment for a statutory crime is sufficient "if it substantially follows the language of the criminal statute."[15] Here, having examined the text of the indictment, I find that this standard has been satisfied and Defendant has been informed of the essential facts supporting the charges against him. Specifically, my review of the Indictment reveals the following essential facts in support of Count 1, or distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1):

---

[12] Urban, 404 F.3d at 772.

[13] Stiso, 2015 WL 5666137, at *6 (citing United States v. Davidoff, 845 F.2d 1151, 1154 (2nd Cir. 1988)).

[14] Fed.R.Crim.P. 7(c).

[15] United States v. Hayes, Criminal Action No. 07-CR-293, 2007 WL 3085998, at *1 (M.D.Pa. Oct. 19, 2007)(Kane, J.)(citing Addonizio, 451 F.2d at 58 n.7)).

> On or about January 22, 2016, in the Middle District of Pennsylvania, the defendant, Edwin Vaquiz, knowingly and intentionally distributed heroin, a Schedule I narcotic controlled substance.[16]

In support of Count 2, or possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), the Indictment contains the following essential facts:

> On or about January 29, 2016, in the Middle District of Pennsylvania, the defendant, Edwin Vaquiz, knowingly and intentionally possessed with intent to distribute heroin, a Schedule I narcotic controlled substance.[17]

Furthermore, beyond the essential facts contained within the Indictment in this matter, Defendant has also been provided with voluminous discovery which the government has attached to its brief in opposition.[18] This discovery includes, inter alia, (1) a Report of the Investigation, (2) an Incident Report, (3) Evidence Information (including photos), and (4) potential witness information.[19] This extensive discovery concerning evidence and witnesses has further obviated the need for issuance of a bill of particulars.

**AND NOW**, in accordance with the above reasoning, **IT IS HEREBY ORDERED** that Defendant's Motion for a Bill of Particulars Pursuant to Federal Rule of Criminal Procedure 7(f) (ECF No. 20) is **DENIED**.

---

[16] ECF No. 1.

[17] Id.

[18] See ECF No. 21-1.

[19] See generally id.

The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge