# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:16-CR-00310 |
| v. | (Judge Brann) |
| EDWIN VAQUIZ, | |
| Defendant. | |

## MEMORANDUM OPINION

### JULY 12, 2018

**I.  BACKGROUND**

On October 25, 2016, Edwin Vaquiz ("Mr. Vaquiz") was indicted by a grand jury sitting in the United States District Court for the Middle District of Pennsylvania with (1) distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), and (2) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).[1]  A jury trial is scheduled in this matter for July 23, 2018.[2]

On June 12, 2018, Mr. Vaquiz filed a Motion *in Limine* seeking to prohibit admission at trial of the following evidence: 1) his prior history of possessing a firearm; 2) use of the term "Philly bags" when referring to the heroin seized by police during the January 29, 2016 search; 3) allegations that a Confidential

---

[1]  ECF No. 1.

[2]  ECF No. 46.

Informant ("C.I."), J.F., was threatened after Mr. Vaquiz's arrest at his behest; and 4) his prior criminal record.[3] The Government filed a brief in opposition to this motion on June 25, 2018, and a Notice Pursuant to Federal Rule of Evidence 404(b) of its intent to introduce evidence of the Defendant's prior drug-distribution conviction.[4] These evidentiary issues have since been fully briefed.[5]

## II. ANALYSIS

### A. Whether this Court Should Prohibit Introduction of Evidence that Mr. Vaquiz Was Known by Detective Martin to Have Possessed a Firearm on a Prior Occasion

At the suppression hearing held in this case on May 30, 2018, Detective Gregory Martin, an arresting officer at the scene of Mr. Vaquiz's arrest, testified that Mr. Vaquiz had previously been found to be in possession of a firearm.[6] Based on this knowledge, Detective Martin further stated that he took steps to mitigate the potential danger of a firearm when effectuating Mr. Vaquiz's arrest on January 29, 2016.[7] In his Motion, Mr. Vaquiz argues that this evidence of prior firearm possession should be excluded under Fed. R. Evid. 401 because it is not otherwise relevant to any trial issue, and is plainly, and highly, prejudicial.[8] The

---

[3] ECF No. 67.
[4] ECF Nos. 68 & 75.
[5] ECF Nos. 67, 68, 75, & 77.
[6] ECF No. 58, at 40: 20–23.
[7] *Id.* at 40: 24 – 41:16.
[8] ECF No. 67, at 2.

Government in turn responds that it does not intend to introduce this evidence of prior firearm possession at this time, but reserves the right to seek its admission to rebut any suggestion that officers' actions during Mr. Vaquiz's arrest were improper.[9] With that concession by the Government, I will therefore grant Mr. Vaquiz's motion to the extent it seeks the preclusion of evidence regarding Mr. Vaquiz's prior firearm possession. Should Mr. Vaquiz suggest, however, that the officers' actions during his arrest were inappropriate given the threat he posed, the Court will revisit this issue.

### B. Whether this Court Should Prohibit Use of the Term "Philly Bags" at Trial

Mr. Vaquiz next asks the Court to preclude use of the term "Philly bags" to describe the heroin seized on January 29, 2016.[10] This term was first used by Detective Martin at the May 30, 2018 suppression hearing.[11] Mr. Vaquiz argues that use of this terminology at trial would confuse the jury and prejudice him by suggesting that the heroin was purchased in Philadelphia simply because of "Philly bag" moniker.[12] Again, however, the Government admits that it does not intend to

---

[9] ECF No. 75, at 1–2.

[10] ECF No. 67, at 2–3.

[11] ECF No. 58, at 42: 14–24.

[12] ECF No. 67, at 2–3.

introduce the term "Philly bag" as part of its case in chief.[13] Mr. Vaquiz's motion, essentially uncontested and/or moot on this issue, is therefore granted.

### C. Whether this Court Should Prohibit Reference by C.I. J.F. to Alleged Threats Made to Her at the Behest of Mr. Vaquiz

At the May 30, 2018 suppression hearing, C.I. J.F. testified about an attempted physical attack which she states was at the behest of Mr. Vaquiz following her cooperation.[14] Mr. Vaquiz attests that this evidence is unfairly speculative and should therefore be precluded from admission at trial.[15] The Government agrees that this evidence is irrelevant and speculative, but again reserves the right to introduce the facts of this incident to impeach any individuals responsible for threatening J.F.—should they testify at trial.[16] With that *caveat* or reservation by the Government preserved, Mr. Vaquiz's motion is therefore granted.

### D. Whether this Court Should Preclude the Introduction of Mr. Vaquiz's Prior Criminal Convictions, Including Those for Heroin Trafficking

Finally, Mr. Vaquiz asks that this Court enter an Order preventing evidence of his prior criminal history from being introduced at trial.[17] He specifically avers

---

[13] ECF No. 75, at 2.

[14] ECF No. 58, at 136:17–137:15.

[15] ECF No. 67, at 3–4.

[16] ECF No. 75, at 2–3.

[17] ECF No. 67, at 4.

that such evidence should be precluded because he is unlikely to testify and introduction is therefore unnecessary for impeachment purposes.[18] The Government responds however, in both its opposing brief and 404(b) Notice, that evidence of his prior heroin trafficking convictions is nevertheless admissible to prove intent.[19] On this issue, Mr. Vaquiz argues, in his response to the 404(b) Notice, that while guised in "intent," admission of these three prior drug trafficking convictions would nevertheless implicate a propensity to commit drug-related crimes and would therefore unfairly prejudice him.[20]

Federal Rule of Evidence 404 "reflects the revered and longstanding policy that, under our system of justice, an accused is tried for *what* he did, not *who* he is."[21] Rule 404(a) stipulates that "evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[22] Section (b) of that Rule provides that such evidence may nevertheless be admissible for another purpose, such as proving "motive, opportunity, intent, preparation, plan,

---

[18] *Id.*

[19] ECF No. 75, at 3–6.

[20] ECF No. 77, at 4–6.

[21] *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014)(emphasis in original).

[22] Fed. R. Evid. 404(a).

knowledge, identity, absence of mistake or lack of accident."[23] Rule 404(b), however, remains a rule of general exclusion, and "the party seeking to admit other-acts evidence has 'the burden of demonstrating [the evidence's] applicability.' "[24]

The proponent of other acts evidence under Rule 404(b) must meet this burden by satisfying four distinct steps.[25] These steps are as follows: "(1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction."[26] "This methodical process [of determining admissibility] requires 'careful precision' by both the proponent in proffering the prior act evidence and by the trial judge who must decide the question of admissibility."[27]

---

[23] Fed. R. Evid. 404(b). Upon request by the defendant, the government must, however, provide reasonable notice in advance of trial, or during trial for good cause, of the general nature of any such evidence. Id.

[24] *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017)(quoting *Caldwell*, 760 F.3d at 276).

[25] *Id.* at 241.

[26] *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988); *Caldwell*, 760 F.3d at 277–78).

[27] *Id.* (quoting *Caldwell,* 760 F.3d at 274).

In the instant matter, the Government argues that Mr. Vaquiz's prior drug trafficking convictions in 2008 and 2012 are admissible in the instant case to prove intent—a necessary element toward securing his conviction.[28] Intent is one of the enumerated exceptions to the general rule of exclusion of other-act evidence.[29] Furthermore, in his Response to the Government's 404(b) Notice, Mr. Vaquiz makes intent an issue in this case, arguing that "the drugs possessed could have been for personal use."[30] The Government has therefore properly identified a permissible, non-propensity purpose in accord with step one of the Rule 404(b) analysis.

Step Two, however, is more exacting. At this step, the Government " 'must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed [the other act], he therefore is more likely to have committed this one.' "[31] In so doing, "[t]he task is not merely to find a pigeonhole in which the proof might fit, but to actually demonstrate that the evidence proves something other than propensity."[32] The onus is therefore on the Government to establish "how the proffered evidence

---

[28] ECF No. 68, at 12–15.

[29] Fed. R. Evid. 404(b)(2).

[30] ECF No. 77, at 4.

[31] *United States v. Lee*, 612 F.3d 170, 186 (3d Cir. 2006) (quoting United States v. *Sampson*, 980 F.2d 883, 887 (3d Cir. 1992)).

[32] *Caldwell*, 760 F.3d at 276 (internal quotation marks, alterations, and citations omitted).

should work in the mind of a juror to establish" a non-propensity purpose.[33] The failure to adduce such a logical chain is fatal to the admission of this evidence.[34]

The Government has failed to meet this burden at step two of the above outlined Rule 404(b) analysis. First, I note that, beyond identifying intent as a non-propensity reason for admitting Mr. Vaquiz's prior drug trafficking convictions, the Government has otherwise failed to outline a chain of non-propensity inferences which are relevant toward that end. Defendant's motion *in limine* to preclude admission of these prior convictions may be granted on that ground alone.[35] Moreover, even if this Court were to infer such a chain from the Government's briefing on this issue, such a chain cannot be linked without making a propensity-based inference. Indeed, while Mr. Vaquiz has conceded that he will make intent an issue at a trial by arguing that the drugs seized were for personal use, the admission of his prior drug trafficking convictions as relevant toward proving that intent necessarily would require the jury to infer that (1) because he distributed drugs *in the past*, (2) he intended to do so *again* in the case at bar. This is an impermissible chain of inferences.[36]

---

[33] *Repak*, 852 F.3d at 244 (citations omitted).

[34] *Caldwell*, 760 F.3d at 281.

[35] *See Caldwell*, 760 F.3d at 281 (explaining that failure to carefully articulate the chain of inferences to show why proffered 404(b) evidence "is actually relevant to the identified non-propensity purpose" is fatal to the admission of that evidence).

[36] *See, e.g., United States v. Johnson*, No. 16-cr-162, 2018 WL 1367328, at *8 (M.D.Pa. Mar. 16, 2018)(rejecting the same presumed logical chain).

While Government counsel cites both *United States v. Givan*[37] and *United States v. Lee*[38] as examples of our Court of Appeals allowing the admission of prior drug convictions to prove intent, this Court has previously addressed their continuing citation. For example, in *United States v. Johnson*, the Court addressed a similar factual pattern, and held that, while both *Lee* and *Givan* were still precedent, they nevertheless predate the Third Circuit's most recent jurisprudence on this issue.[39] This jurisprudence detailed the above steps that a district court must follow when determining the admissibility of other-act evidence.[40] The Court thereafter noted both that *Lee* contained no discussion of these steps and that *Givan* has been recognized as "existing 'at the outer bounds of admissibility under Rule 404(b).' "[41] In the instant matter, I find these cases distinguishable and unpersuasive; they do not alter my conclusion that the prior convictions at issue are irrelevant under step two of the applicable Rule 404(b) analysis.

Finally, even assuming that the Government had satisfied step two, I nevertheless find that the evidence would fail under the Rule 403 balancing test. Federal Rule of Evidence 403 provides that evidence otherwise admissible under

---

[37] 573 F.3d 155 (3d Cir. 2009).

[38] 320 F.3d 452 (3d Cir. 2003).

[39] No. 16-cr-162, 2017 WL 5135355, at *6 (M.D.Pa. Nov. 6, 2017)(citing *Repak*, 852 F.3d at 240-50; *United States v. Davis*, 726 F.3d 434, 440-45 (3d Cir. 2013); *Caldwell*, 760 F.3d at 274-84; *United States v. Smith*, 725 F.3d 340, 345-48 (3d Cir. 2013)).

[40] *Id.*

[41] *Id.* (citing *Davis*, 726 F.3d at 444).

Rule 401 may nevertheless be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, Mr. Vaquiz argues that the limited probative value of these prior convictions is substantially outweighed by the risk of unfair prejudice which inheres in their introduction.[42] I agree. In reaching this conclusion, I note that any speculative probative value of these convictions toward proving intent is necessarily and severely lessened by the age of these convictions.[43] Given the unfair prejudice inherent in the introduction of prior convictions so similar to the instant offense, I find that limited probative value substantially outweighed. Evidence of Mr. Vaquiz's prior convictions is therefore properly precluded on this independent basis.

### III. CONCLUSION

Defendant Edwin Vaquiz's Motion in Limine is granted in its entirety. Subject to the above reasoning, the Government is precluded from offering into evidence the following: (1) Defendant's prior history of possessing a firearm; (2) use of the term "Philly bags" when referring to the heroin seized by police during the January 29, 2016 search; (3) allegations that the informant was threatened or

---

[42] ECF No. 77, at 5.

[43] *See United States v. Gilmore*, 553 F.3d 266, 273 (3d Cir. 2009)(noting that the age of a prior bad act may bear on the Rule 403 analysis).

attacked at Defendant's behest; and (4) Defendant's prior criminal record, including the above referenced heroin distribution convictions.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge